IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN D. MILLER, | 1:10-cv-01173-OWW-JLT HC |
| Petitioner, | ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION (Doc. 1) |
| vs. | |
| L. S. McEWEN, Warden | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING HABEAS PETITION PURSUANT TO 28 U.S.C. § 2254 |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on June 17, 2010. A preliminary review of the petition shows that petitioner has not completed the petition nor has he separately listed each ground for relief along with a brief statement of facts supporting each ground. His pleading is insufficient and fails to comply with the requirements for filing a petition.

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a

1  'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in*
2  Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).
3          Here, the document filed by the Clerk of the Court as a federal habeas petition is entitled
4  "Notice to File Claims on Collateral Attack."  The document itself reads like an explanatory letter,
5  not a legal pleading, in which Petitioner indicates that he has raised various claims in the California
6  Supreme Court in a petition for review, that he has at least one other claim he wishes to exhaust in
7  state court, and that he would like guidance from this Court about how to proceed.
8          The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of
9  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless
10 he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:
11          The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
            entertain an application for a writ of habeas corpus in behalf of a person in
12          custody pursuant to a judgment of a State court *only on the ground that he is in
            custody in violation of the Constitution or laws or treaties of the United States*.
13
14 (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States
15 District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a
16 person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484
17 (1973).  Furthermore, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
18 demonstrate that the adjudication of his claim in state court,
19          resulted in a decision that was contrary to, or involved an unreasonable application
            of, clearly established Federal law, as determined by the Supreme Court of the
20          United States; or resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the State court
21          proceeding.
22 28 U.S.C. § 2254(d)(1),(2).
23          In the instant case, Petitioner fails to state a cognizable federal claim.   Indeed, in its present
24 form, the instant petition does not state any federal habeas claims at all.  Rather, Petitioner has
25 simply indicated what issues he raised in prior state court proceedings on his direct appeal, and he
26 has identified an issue that he wishes to fully exhaust in state court at some future date.  He has not,
27 however, at any point, and as required by federal law, identified and presented any specific grounds
28 for federal habeas relief along with a brief statement of facts supporting each ground.  Rule 2(c), 28

U.S.C. § 2254.

It is not the duty of federal courts to try to read a petitioner's mind or try to surmise what claims he might, under various circumstances, choose to raise in federal court. That duty lies with the individual who asserts a denial of his federal constitutional rights. The Court will not read through an inmate's filings in order to determine what claims that inmate might wish to bring. The form petition, which will be sent to Petitioner along with this order, is provided to petitioners to make the listing of claims easy and to enable the Court to make a determination that the claim or claims and supporting facts allege a proper denial of a federal constitutional right. The Court cannot proceed with the case until such claims are made clear. Thus, in an AMENDED PETITION, Petitioner must enumerate and separately identify cognizable federal habeas claims along with a statement of sufficient clarity and a brief statement of supporting facts to enable this Court to understand his arguments and to render a decision on the claims raised therein.

As to Petitioner's request that this Court provide guidance about how to proceed, it bears emphasis that this Court cannot and will not provide legal advice to any litigant. It is Petitioner's responsibility to satisfy the requirements of federal habeas law as to any document he files with this Court.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this order may result in an order or

Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **July 23, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE